**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN CURRY, JOAN KNABLE and JILL RADDATZ, | ) ) ) |
| Plaintiffs, | ) ) No. 07 C 6021 |
| v. | ) ) Judge Rebecca R. Pallmeyer ) |
| CHATEAU DEL MAR, INC. an Illinois Corporation, HICKORY PROPERTIES, INC., d/b/a HICKORY HILLS COUNTRY CLUB, a Delaware corporation, and STEVEN P. GIANAKAS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

In late 2005 and early 2006, Plaintiffs Joan Knable, Karen Curry, and Jill Raddatz ("Plaintiffs") filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Chateau del Mar, Inc. ("Chateau"), a banquet facility in Hickory Hills, Illinois. Plaintiffs alleged that Steven Gianakas, the president of Chateau, sexually harassed them when they worked at Chateau, and that Gianakas fired them in retaliation for their complaints regarding the harassment. Three other women, none of whom are plaintiffs in this case, filed similar charges in 2007, also alleging mistreatment and harassment by Gianakas. One of those 2007 claimants also brought her charge against Chateau, while the other two directed their charges at Hickory Hills Country Club, a facility adjoining Chateau that was also headed by Gianakas as president. After EEOC issued Notices of Right to Sue, Plaintiffs Knable, Curry, and Raddatz brought suit against both Chateau and Hickory Properties, Inc. ("Hickory"), the corporate alter ego of Hickory Hills Country Club, claiming violations of Title VII of the Civil Rights Act of 1964. Plaintiffs alleged that, while employed by Chateau, they were harassed in Gianakas's office at Hickory and that they sometimes performed work for Hickory as well as Chateau.

On May 30, 2008, Hickory moved to dismiss the complaint on the ground that Plaintiffs had

not exhausted their administrative remedies. Specifically, since Plaintiffs' EEOC claims were brought only against Chateau and did not explicitly name Hickory, Hickory claims that it had neither notice of the charge against it nor an opportunity to conciliate that charge. Ruling from the bench on July 28, the court denied that motion. Hickory now moves for reconsideration of its motion or, in the alternative, to certify the issue for immediate appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, the court denies both motions.

## DISCUSSION

**I.      Motion for Reconsideration**

Pursuant to Federal Rule of Civil Procedure 54(b), Hickory requests that the court reconsider its previous order denying its motion to dismiss. FED. R. CIV. P. 54(b) (interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims"). "[A] motion to reconsider should be . . . rare," used principally to correct serious errors of law or to present newly discovered evidence. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Hickory claims that new evidence mandates reconsideration: specifically, Hickory contends that the court's earlier ruling rested on EEOC's representations of the contents of its own files. Hickory has now received these files and characterizes them as newly discovered evidence showing that Hickory had no notice of Plaintiffs' original charges. The files, however, show no such thing, and certainly do not call into question any of the factors relied upon by the court in its previous ruling denying Hickory's motion to dismiss. Notably, the files underscore the following facts, all of which were known to Hickory prior to the court's ruling: in the EEOC charge, Plaintiffs did not name Hickory as the defendant; Plaintiff Raddatz's EEOC charge accused Gianakas of sexually harassing her in Gianakas's office at Hickory; other individuals specifically named Hickory in their EEOC charges, claiming that Gianakas sexually harassed them in his office at Hickory; neither Hickory nor Chateau conciliated any of these charges. These undisputed facts

2

are sufficient to allow Plaintiffs' suit against Hickory to proceed.

A party not named by the plaintiff in an EEOC charge may nevertheless be named in the subsequent lawsuit if the party received adequate notice and had an opportunity to conciliate the charge. *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 906 (7th Cir. 1981). In *Eggleston*, the party not named in the EEOC charge (the "unnamed defendant") had a board whose membership largely consisted of the same individuals who served as officers of the party that was named as a defendant in the EEOC charge. *Id.* Further, the substance of the charge itself referred to a program run by the unnamed defendant. *Id.* On these facts, very similar to the ones at issue here, the court found notice was adequate. *Id.* Here, too, the named defendant, Chateau, has the same president, Gianakas, as the unnamed defendant, Hickory, and the substance of Plaintiffs' charges explicitly refers to events that took place in the offices at Hickory.

Hickory urges that the Seventh Circuit has limited the scope of *Eggleston* in a later decision, *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989). *Schnellbaecher* upheld the district court's dismissal of charges against a parent corporation, when the record showed that the parent had notice of the charges against its subsidiary, but "did not thereby have any notice of any charges against *it*." *Id.* at 127 (emphasis in original). *Schnellbaecher* did not overrule *Eggleston*, however, and the facts of the present case are much closer to those of *Eggleston*. Like the defendants in *Eggleston*, Chateau and Hickory share many of the same corporate officers, most notably Gianakas. This distinguishes it from the parent/subsidiary context relevant in *Schnellbaecher*, as parents and subsidiaries are often operated by different individuals.[1] Moreover, in *Schnellbaecher* the court observed that the parent had no notice of *any* charges against it. *Id.* at 127. Here, Hickory had notice of substantially similar charges against it, made by two other

---

[1] The only overlap explicitly noted by the court in *Schnellbaecher* was that both parent and subsidiary had the same attorneys. *Id.* at 125-26.

women who are not parties in this suit; indeed, it even appears that all six Letters of Determination issued by the EEOC in reference to the claims of Plaintiffs and the three other women were sent to Hickory and Chateau on the same day. Taken together with the fact that Hickory was specifically named in Raddatz's charge as the site of the alleged harassment, this evidence satisfies the court that Hickory had notice of Plaintiffs' charges against it.

Hickory also had sufficient opportunity to conciliate. After receiving the EEOC Letters of Determination, which informed Hickory and Chateau of their opportunity to participate in conciliation, neither entity chose to do so. True, Hickory was not directly offered the opportunity to conciliate *these* Plaintiffs' charges, but there is no reason to think Hickory would have availed itself of such an opportunity, for two reasons: first, Hickory declined to conciliate the other individuals' charges against it, even though the charges made similar allegations of wrongdoing; second, Chateau, represented by the same attorney as Hickory, declined to conciliate Plaintiffs' charges. The court in *Eggleston* found that the unnamed defendant was provided an opportunity to conciliate on far weaker facts than those presented here. *Eggleston* concluded that when "a party has a close relationship with a named respondent . . . and has actual notice of the EEOC charge," that party had a sufficient opportunity to conciliate. *Eggleston*, 657 F.2d at 907. Hickory and Chateau have an undeniably close relationship and, for the reasons stated above, had notice of Plaintiffs' EEOC charges. Given the interests that Title VII seeks to vindicate, this court declines to apply mechanically a rule that would bar Plaintiffs' suit against Hickory, in light of the substantial corporate overlap between Hickory and Chateau and the other harassment charges that had been filed against Hickory. *Id.* at 906 ("[G]iven the Act's remedial purposes, charges are to be construed with the utmost liberality and parties sufficiently named or alluded to in the factual statement are to be joined." (internal quotations omitted)).

II.     **Motion for Certification**

Hickory also requests that the court certify this issue pursuant to 28 U.S.C. § 1292(b). That

provision allows a court to certify an issue for determination by the court of appeals when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This test is not met here. The case presents no novel question of law—the two controlling Seventh Circuit decisions, *Eggleston* and *Schnellbaecher*, were decided in 1981 and 1989, respectively. As Hickory itself notes, courts in this district have been interpreting these decisions for nearly twenty years. (Def.'s Mot. for Certification [47] at 6 (citing cases).) The two controlling precedents do not set conflicting rules, but rather necessitate individual inquiry into the specific factual circumstances of each case. This application of precedent to specific facts is within the realm of expertise of the district courts, making this case a poor candidate for certification.

Certification is a procedural device designed to enhance the efficiency of the judicial system by allowing for prompt resolution of purely legal questions that may dispose of the case. *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 247 (7th Cir. 1981). Granting certification here, however, where both the underlying cause of action would continue in the present case and Hickory would continue as a defendant in parallel litigation, *see EEOC v. Chateau Del Mar, Inc.*, 08-cv-1720 (N.D. Ill. filed Mar. 25, 2008), would undermine this interest in efficiency. The court therefore denies Hickory's motion for certification.

**CONCLUSION**

Hickory's motions for reconsideration [54] and certification [47] are denied.  Should either party desire conciliation or mediation at this point, they are free to request it from the court.

ENTER:

Dated: December 22, 2008

_____
REBECCA R. PALLMEYER
United States District Judge